IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

KIM MARIE BROOKINS,                  )
                                     )
          Plaintiff,                 )        CIVIL ACTION FILE NO:
                                     )        2012-CA-2082
Vs.                                  )
                                     )        (JURY TRIAL DEMANDED)
STATE OF FLORIDA, Department of      )
Highway Safety and Motor Vehicles, and )
Trooper MICHAEL W. HARMAN, II,       )
individually and in his official capacity, )
                                     )
          Defendants.                )
_____)

## COMPLAINT

Plaintiff, KIM MARIE BROOKINS, by and through undersigned counsel, hereby sues Defendants, STATE OF FLORIDA, Department of Highway Safety and Motor Vehicles and Trooper MICHAEL W. HARMAN, II, individually and in his official capacity, and in furtherance thereof, states as follows:

## PARTIES, JURISDICTION AND VENUE

1.    This is a cause of action for damages in excess of $15,000.00, exclusive of costs, interest and attorney's fees.

2.    The Plaintiff, KIM MARIE BROOKINS, at all times material hereto, was and is an African-American female and a resident of Orange County, Florida.

3.    The Defendant, STATE OF FLORIDA, Department of Highway Safety and Motor Vehicles, is an agency of the State of Florida, operating by virtue of the laws of the State of Florida. At all times material hereto, Colonel DAVID H. BRIERTON, JR., was the Director of the Florida Highway Patrol, having succeeded Colonel JOHN C. CZERNIS, who served as Director at the time of this incident, and maintained, operated and administered a police

1

02 22 2012 20:01 FAX   Received:   Feb 22 2012 06:45pm   ☑005

department known as the FLORIDA HIGHWAY PATROL (hereinafter referred to as "FHP") with agents, servants and employees acting on behalf of COLONEL DAVID H. BRIERTON, JR. and previously COLONEL JOHN C CZERNIS, as Director of the Florida Highway Patrol, STATE OF FLORIDA, including, but not limited to Trooper MICHAEL W. HARMAN, II, acting on behalf of the STATE OF FLORIDA, who at all times material hereto were acting in the course and scope of their employment.

4.      The Defendant, Trooper MICHAEL W. HARMAN, II, at all times material hereto, was a lawfully sworn officer of the FHP, an employee of the STATE OF FLORIDA, Department of Highway Safety and Motor Vehicles, acting either as an agent of the STATE OF FLORIDA, acting within the course and scope of his employment or outside the scope of his employment in that Trooper MICHAEL W. HARMAN, II'S actions were committed in bad faith, with malicious purpose and/or in a manner exhibiting wanton and willful disregard for the Plaintiff's rights, including, but not limited to, violation of clearly established law in seizing and arresting the Plaintiff without reasonable suspicion and/or probable cause and/or using excessive force against the Plaintiff.

5.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 as well as concurrent jurisdiction.  A Federal question is presented pursuant to 42 U.S.C. § 1983 as this action arises under the Federal Constitution and laws.

6.      Venue is proper in this district, pursuant to 28 U.S.C. § 1391.

7.      All conditions precedent to the filing of this action, including compliance with the requirements of Florida Statute § 768.28, have been completed prior to the filing of this action.

02 22 2012 20:01 FAX    Received:    Feb 22 2012 06:45pm    Ø006

## FACTUAL ALLEGATIONS

8.  On February 18, 2008, KIM MARIE BROOKINS was driving northbound on U.S. 441 near the intersection of Oak Ridge Road in Orlando, Orange County, Florida, when she made a left turn onto Oak Ridge Road without affecting any other vehicle by the turn.

9.  The Plaintiff, KIM MARIE BROOKINS, was driving lawfully and committed no traffic infractions.

10. Despite the fact that Plaintiff, KIM MARIE BROOKINS, did nothing giving rise to any reasonable suspicion justifying neither a detention, nor anything giving rise to probable cause for an arrest, Trooper MICHAEL W. HARMAN, II, of the FHP conducted a traffic stop and detained the Plaintiff. From that moment on, the Plaintiff was not free to leave

11. Plaintiff, KIM MARIE BROOKINS, complied with the commands of Trooper MICHAEL W. HARMAN, II.

12. Despite complying with the commands of Trooper MICHAEL W. HARMAN, II, Trooper HARMAN physically touched the Plaintiff conducting a pat down search. Trooper HARMAN then attempted to take the Plaintiff into custody.

13. In his attempt to take the Plaintiff into custody, Trooper MICHAEL W HARMAN, II used physical force to detain the Plaintiff.

14. The Plaintiff, KIM MARIE BROOKINS was taken into custody by Trooper MICHAEL W. HARMAN, II, and/or agents of the Orange County Sheriff's Office.

15. The Plaintiff was taken to the Orange County Jail where she was able to post bond and was eventually released.

16. Despite the information available to the STATE OF FLORIDA and its agents at the time of arrest and afterwards, Trooper MICHAEL W. HARMAN, II, refused to determine

3

Received.

02 22 2012 20:02 FAX                                            Feb 22 2012 06 46pm                          ☑007

that there were sufficient ultimate facts to support a determination of reasonable suspicion for a traffic violation and/or probable cause for the detention and arrest of the Plaintiff and delivered the Plaintiff, KIM MARIE BROOKINS to the Orange County Jail.

17.   With the information available to the STATE OF FLORIDA and its agents at the time of the detention and arrest, it was readily apparent that no valid warrant existed for the Plaintiff and the STATE OF FLORIDA and its agents had in its possession or had access to information that established that the detention and arrest of the Plaintiff, KIM MARIE BROOKINS, lacked reasonable suspicion and/or probable cause and violated clearly established law.

18.   The STATE OF FLORIDA and its agents failed to follow clearly established law regarding the detention and/or arrest of the Plaintiff, KIM MARIE BROOKINS, prior to, during and after taking the Plaintiff into custody.

19.   KIM MARIE BROOKINS has retained the undersigned attorney and agreed to pay a reasonable fee thereto.

## CAUSES OF ACTION

### COUNT ONE
### FALSE ARREST AND/OR FALSE IMPRISONMENT
### AGAINST THE STATE OF FLORIDA

Plaintiff, KIM MARIE BROOKINS, realleges and incorporates by reference all allegations contained in paragraphs one (1) through nineteen (19) above, as if fully set forth herein.

20.   This count for false arrest and/or false imprisonment is brought as a count pursuant to the common law of Florida.

21.    The STATE OF FLORIDA is responsible pursuant to respondeat superior for the intentional torts committed by its agents within the scope of their employment.

22.    Trooper MICHAEL W. HARMAN, II, was acting on behalf of the STATE OF FLORIDA, and at all times material hereto was acting in the course and scope of his employment.

23.    The STATE OF FLORIDA is responsible pursuant to the common law of Florida to ensure its agents do not commit the intentional tort of false arrest and/or false imprisonment.

24.    The STATE OF FLORIDA has adopted General and Special Orders, policies, procedures and practices that govern the standards of conduct regarding the arrest and detention of the Plaintiff

25.    On or about February 18, 2008, KIM MARIE BROOKINS was falsely arrested and imprisoned by the Defendant, the STATE OF FLORIDA, without probable cause.

26.    The STATE OF FLORIDA, its agents and/or employees failed to conduct a reasonable investigation in order to establish probable cause to arrest and detain the Plaintiff.

27.    The STATE OF FLORIDA through its agents, including Trooper MICHAEL W. HARMAN, II, physically deprived KIM MARIE BROOKINS of her freedom and liberty and restrained her in her movements both at the scene of the arrest and continuing until her release from the Orange County Jail.

28.    The STATE OF FLORIDA knew or should have known that no valid warrant existed for the Plaintiff and/or no reasonable suspicion and/or probable cause existed for the detention and/or arrest and/or the detention and/or arrest would violate clearly established law when she was detained and taken into custody, and throughout her seizure and custody.

5

29.   KIM MARIE BROOKINS did not consent to the aforementioned actions of the STATE OF FLORIDA, Trooper MICHAEL W. HARMAN, II, or other agents and employees, and said actions were against the will of the Plaintiff, KIM MARIE BROOKINS.

30.   The restraint of KIM MARIE BROOKINS by the STATE OF FLORIDA was unlawful and unreasonable, in that it was not based upon lawfully issued process of court and the STATE OF FLORIDA did not have a valid warrant for the arrest of KIM MARIE BROOKINS.

31.   The restraint of KIM MARIE BROOKINS by the STATE OF FLORIDA was unlawful and unreasonable, in that, it was not based upon probable cause.

32.   Plaintiff, KIM MARIE BROOKINS, was confined at the Orange County Jail, whereupon she was ultimately released.

33.   As a result of the actions of the STATE OF FLORIDA, KIM MARIE BROOKINS suffered damages including, but not limited to bodily injury which resulted in pain and suffering, disability, aggravation of a pre-existing condition, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages and loss of earning capacity, physical inconvenience, discomfort, loss of time, mental pain and suffering, embarrassment, humiliation, and injuries to her reputation, as well as out of pocket expenses for bond, towing and attorney's fees, which have been suffered and will continue to be suffered in the future.

WHEREFORE, Plaintiff, KIM MARIE BROOKINS, sues the Defendant, STATE OF FLORIDA, and demands judgment in an amount in excess of $15,000.00, exclusive of interests, costs and attorney's fees, and demands a trial by jury of all issues triable as a right.

COUNT TWO
FALSE ARREST AND/OR FALSE IMPRISONMENT
AGAINST TROOPER MICHAEL W. HARMAN, II, INDIVIDUALLY

6

02 22/2012 20:02 FAX    Received:    Feb 22 2012 06:46pm                                    ☑010

Plaintiff, KIM MARIE BROOKINS, realleges and incorporates by reference all allegations contained in paragraphs one (1) through nineteen (19) above, as if fully set forth herein.

34.     This count for false arrest and/or false imprisonment is brought as a count pursuant to the common law of Florida.

35.     This is a cause of action against Trooper MICHAEL W. HARMAN, II, individually.

36.     On or about February 18, 2008, KIM MARIE BROOKINS was falsely arrested and imprisoned by the Defendant, Trooper MICHAEL W. HARMAN, II, without probable cause.

37.     Trooper MICHAEL W. HARMAN, II, failed to conduct a reasonable investigation in order to establish probable cause to arrest and detain the Plaintiff.

38.     Trooper MICHAEL W HARMAN, II'S actions in detaining and arresting the Plaintiff were outside the scope of his employment in that they were committed in bad faith, with malicious purpose and/or in a manner exhibiting wanton and willful disregard for the Plaintiff's rights, including, but not limited to:

a.      violation of clearly established law in detaining the Plaintiff without reasonable suspicion;

b.      violation of clearly established law in arresting the Plaintiff without probable cause;

c.      excessive force including grabbing, pushing and/or hitting the Plaintiff without cause.

02 22 2012 20:02 FAX    Received.    Feb 22 2012 06:46pm    @011

39.   Trooper MICHAEL W. HARMAN, II, physically deprived KIM MARIE BROOKINS of her freedom and liberty and restrained her in her movements both at the scene of the arrest and continuing until her release from the Orange County Jail

40.   Trooper MICHAEL W. HARMAN, II, knew or should have known that no reasonable suspicion existed for the detention, nor probable cause existed for the arrest and/or the detention and/or arrest would violate clearly established law when the Plaintiff was detained and/or taken into custody, and throughout her seizure and custody.

41.   KIM MARIE BROOKINS did not consent to the aforementioned actions of Trooper MICHAEL W. HARMAN, II, or other agents and employees, and said actions were against the will of the Plaintiff, KIM MARIE BROOKINS.

42.   The restraint of KIM MARIE BROOKINS by Trooper MICHAEL W. HARMAN, II was unlawful and unreasonable, in that it was not based upon lawfully issued process of court and Trooper MICHAEL W. HARMAN, II did not have a valid warrant for the arrest of KIM MARIE BROOKINS.

43.   The restraint of KIM MARIE BROOKINS by Trooper MICHAEL W. HARMAN, II was unlawful and unreasonable, in that, it was not based upon probable cause.

44.   Plaintiff, KIM MARIE BROOKINS, was confined at the Orange County Jail, whereupon she was ultimately released.

45.   As a result of the actions of Trooper MICHAEL W. HARMAN, II, KIM MARIE BROOKINS suffered damages including, but not limited to bodily injury which resulted in pain and suffering, disability, aggravation of a pre-existing condition, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages and loss of earning capacity, physical inconvenience, discomfort, loss of time, mental pain

02 22 2012 20:02 FAX        Received:        Feb 22 2012 06 46pm        ☑012

and suffering, embarrassment, humiliation, and injuries to his reputation, as well as out of pocket expenses for bond, towing and attorney's fees, which have been suffered and will continue to be suffered in the future.

WHEREFORE, Plaintiff, KIM MARIE BROOKINS, sues the Defendant, Trooper MICHAEL W. HARMAN, II, and demands judgment in an amount in excess of $15,000, exclusive of interests, costs and attorney's fees, and demands a trial by jury of all issues triable as a right.

## COUNT THREE
## DEPRIVATION OF RIGHTS PURUSANT TO 42 U.S.C. § 1983
## AGAINST TROOPER MICHAEL W. HARMAN, II

Plaintiff, KIM MARIE BROOKINS, realleges and incorporates by reference all allegations contained in paragraphs one (1) through nineteen (19) above, as if fully set forth herein.

46.    This is a cause of action against Trooper MICHAEL W. HARMAN, II individually.

47.    Trooper MICHAEL W. HARMAN, II, was acting on behalf of the STATE OF FLORIDA, and at all times material hereto was acting in the course and scope of his employment.

48.    Defendant, Trooper MICHAEL W HARMAN, II, deprived KIM MARIE BROOKINS of her right to be free from unlawful searches and seizures as guaranteed by the IVth Amendment to the United States Constitution in that, the Defendant detained the Plaintiff without reasonable suspicion and/or arrested the Plaintiff without probable cause.

49.    Defendant, Trooper MICHAEL W. HARMAN, II, acting under color of law as an employee and agent of the STATE OF FLORIDA, deprived KIM MARIE BROOKINS of her

Received
02 22 2012 20:02 FAX                    Feb 22 2012 06:46pm                    @013

right to be free from excessive use of force as guaranteed by the IVth Amendment to the United States Constitution in violation of U.S.C. 1983, in that, without probable cause or reasonable suspicion that Plaintiff had committed a violation of the law, illegally battered, restrained, handcuffed, and searched Plaintiff's person and property, thereby causing Plaintiff physical and emotional pain and suffering. Defendant Trooper MICHAEL W. HARMAN, II had no legal right to detain or touch Plaintiff, causing her pain and injury. Defendant's violent restraining techniques constituted excessive force, and cannot be accepted in civilized society.

50.    Trooper MICHAEL W. HARMAN, II knew or should have known that detaining the Plaintiff and/or arresting the Plaintiff would violate her constitutionally protected rights in violation of clearly established law.

51.    Trooper MICHAEL W. HARMAN, II'S actions in detaining and arresting the Plaintiff were either committed while acting within the scope of his employment or committed in bad faith, with malicious purpose and/or in a manner exhibiting wanton and willful disregard for the Plaintiff's rights, including, but not limited to:

a.    violation of clearly established law in detaining the Plaintiff without reasonable suspicion;

b.    violation of clearly established law in arresting the Plaintiff without probable cause;

c.    excessive force including grabbing, pushing and/or hitting the Plaintiff without cause.

52.    Plaintiff, KIM MARIE BROOKINS, had a right to resist without violence the Defendant, Trooper MICHAEL W. HARMAN, II, as he was conducting an unlawful and/or illegal detention, arrest and/or investigation.

10

02 22 2012 20:02 FAX    Received    Feb 22 2012 06:46pm    @014

53.    Trooper MICHAEL W. HARMAN, II, physically deprived KIM MARIE BROOKINS of her freedom and liberty and restrained her in her movements both at the scene of the arrest and continuing until her release from the Orange County Jail, in violation of her rights pursuant to the IVth Amendment to the United States Constitution.

54    Trooper MICHAEL W. HARMAN, II, knew or should have known that no valid warrant existed for the Plaintiff and no probable cause existed for the Plaintiff when the Plaintiff was taken into custody and throughout her seizure and custody.

55.    Plaintiff, KIM MARIE BROOKINS did not consent to the aforementioned actions of Trooper MICHAEL W. HARMAN, II, or other agents and employees, and said actions were against the will of the Plaintiff, KIM MARIE BROOKINS.

56.    The restraint of KIM MARIE BROOKINS by Trooper MICHAEL W. HARMAN, II was unlawful and unreasonable, in that it was not based upon lawfully issued process of court and Trooper MICHAEL W. HARMAN, II did not have a valid warrant for the arrest of KIM MARIE BROOKINS.

57.    The restraint of Plaintiff, KIM MARIE BROOKINS by Trooper MICHAEL W. HARMAN, II was unlawful and unreasonable, in that, it was not based upon probable cause.

58.    Defendant, Trooper MICHAEL W. HARMAN, II, knew that his actions would deprive Plaintiff of his Constitutional rights but proceeded with the unlawful actions with willful disregard for the consequences of said actions.

59.    As a result of the actions of Trooper MICHAEL W. HARMAN, II, KIM MARIE BROOKINS suffered damages including, but not limited to bodily injury which resulted in pain and suffering, disability, aggravation of a pre-existing condition, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost

11

wages and loss of earning capacity, physical inconvenience, discomfort, loss of time, mental pain and suffering, embarrassment, humiliation, and injuries to his reputation, as well as out of pocket expenses for bond, towing and attorney's fees, which have been suffered and will continue to be suffered in the future.

WHEREFORE. Plaintiff, KIM MARIE BROOKINS, sues the Defendant, Trooper MICHAEL W. HARMAN, II, and demands judgment in an amount in excess of $15,000, exclusive of interests, costs and attorney's fees, including attorney's fees pursuant to 42 U.S.C. § 1988, and demands a trial by jury of all issues triable as a right

## COUNT FOUR
## BATTERY AGAINST THE STATE OF FLORIDA

Plaintiff, KIM MARIE BROOKINS. realleges and incorporates by reference all allegations contained in paragraphs one (1) through nineteen (19) above, as if fully set forth herein.

60.    This is a cause of action against Trooper MICHAEL W. HARMAN, II in his official capacity, and therefore, a claim against the STATE OF FLORIDA.

61.    Trooper MICHAEL W. HARMAN, II, was acting on behalf of the STATE OF FLORIDA, and at all times material hereto was acting in the course and scope of his employment.

62.    Trooper MICHAEL W. HARMAN, II actually and intentionally touched and/or struck the Plaintiff, KIM MARIE BROOKINS, against her will.

63.    Trooper MICHAEL W. HARMAN, II intentionally caused the Plaintiff, KIM MARIE BROOKINS, bodily harm.

64.    As a result of the actions of Trooper MICHAEL W. HARMAN, II, KIM MARIE BROOKINS suffered damages including, but not limited to bodily injury which resulted in pain

and suffering, disability, aggravation of a pre-existing condition, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages and loss of earning capacity, physical inconvenience, discomfort, loss of time, mental pain and suffering, embarrassment, humiliation, and injuries to his reputation, as well as out of pocket expenses for bond, towing and attorney's fees, which have been suffered and will continue to be suffered in the future.

WHEREFORE, Plaintiff, KIM MARIE BROOKINS, sues the Defendant, the STATE OF FLORIDA, and demands judgment in an amount in excess of $15,000, exclusive of interests, costs and attorney's fees, and demands a trial by jury of all issues triable as a right.

## COUNT FIVE
### BATTERY AGAINST TROOPER MICHAEL W. HARMAN, II

Plaintiff, KIM MARIE BROOKINS, realleges and incorporates by reference all allegations contained in paragraphs one (1) through nineteen (19) above, as if fully set forth herein.

65.     This is a cause of action against Trooper MICHAEL W. HARMAN, II, individually.

66.     Trooper MICHAEL W. HARMAN, II'S actions in touching and/or striking the Plaintiff and intentionally causing bodily harm were outside the scope of his employment in that they were committed in bad faith, with malicious purpose and/or in a manner exhibiting wanton and willful disregard for the Plaintiff's rights, including, but not limited to:

a.      violation of clearly established law in detaining the Plaintiff without reasonable suspicion;

b.      violation of clearly established law in arresting the Plaintiff without probable cause;

13

02 22 2012 20:03 FAX   Received:   Feb 22 2012 06:47pm   ☑017

c.      excessive force including grabbing, pushing and/or hitting the Plaintiff without cause.

67.    Trooper MICHAEL W. HARMAN, II actually and intentionally touched and/or struck the Plaintiff, KIM MARIE BROOKINS, against her will.

68.    Trooper MICHAEL W. HARMAN, II intentionally caused the Plaintiff, KIM MARIE BROOKINS, bodily harm

69.    As a result of the actions of Trooper MICHAEL W. HARMAN, II, KIM MARIE BROOKINS suffered damages including, but not limited to bodily injury which resulted in pain and suffering, disability, aggravation of a pre-existing condition, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages and loss of earning capacity, physical inconvenience, discomfort, loss of time, mental pain and suffering, embarrassment, humiliation, and injuries to his reputation, as well as out of pocket expenses for bond, towing and attorney's fees, which have been suffered and will continue to be suffered in the future.

WHEREFORE, Plaintiff, KIM MARIE BROOKINS, sues the Defendant, Trooper MICHAEL W. HARMAN, II, and demands judgment in an amount in excess of $15,000, exclusive of interests, costs and attorney's fees, and demands a trial by jury of all issues triable as a right.

## DEMAND FOR JURY TRIAL

70.    Plaintiff, KIM MARIE BROOKINS, hereby demands a trial by jury of all those issues triable as a matter of right.

## PRAYER FOR RELIEF

WHEREFORE, KIM MARIE BROOKINS respectfully prays that:

a.   The Court enter judgment in favor of KIM MARIE BROOKINS on her claim(s) in an amount to be proved at trial;

b.   KIM MARIE BROOKINS recover from Defendant its costs and expenses, including reasonable attorneys' fees incurred in pursuing this claim pursuant to 42 U.S.C. § 1988;

c.   This case be tried by a jury; and

d.   KIM MARIE BROOKINS recovers such other and further relief as the Court deems just and proper.

Respectfully submitted this 8th day of February, 2012.

JEREMY K. MARKMAN, ESQ.
Florida Bar No.: 0080594
KING & MARKMAN, P.A.
941 Lake Baldwin Lane, Suite 101
Orlando, Florida 32814
Tel:     (407) 447-0848
Fax:     (407) 271-8999
markman@kingmarkman.com
Attorney for Plaintiff