# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KIM MARIE BROOKINS,

                Plaintiff,

-vs-                                      Case No. 6:12-cv-378-Orl-18GJK

STATE OF FLORIDA DEPARTMENT OF
HIGHWAY SAFETY AND MOTOR
VEHICLES, MICHAEL W. HARMAN, II,

                Defendants.
_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

    This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION TO STRIKE DEFENDANT'S SECOND AFFIRMATIVE DEFENSE, MOTION TO STRIKE DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE** (Doc. No. 22) |
| **FILED:** | May 1, 2012 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**. | |

|  |  |
|---|---|
| **MOTION:** | **UNOPPOSED MOTION TO STRIKE DEFENDANT'S SECOND AFFIRMATIVE DEFENSE, MOTION TO STRIKE DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE** <br> **(Doc. No. 23)** |
| **FILED:** | **May 1, 2012** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**. | |

## I. BACKGROUND.

On February 8, 2012, Kim Marie Brookins (the "Plaintiff") filed a 42 U.S.C. § 1983 complaint (the "Complaint") in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, alleging that the Florida Department of Highway Safety and Motor Vehicles ("DHSMV") and Michael Harman ("Harman") (collectively, the "Defendants") violated Plaintiff's constitutional rights. Doc. No. 2. On March 8, 2012, the case was removed to the United States District Court in and for the Middle District of Florida. Doc. No. 1. On April 29, 2012, DHSMV filed an Answer and Affirmative Defenses. Doc. No. 20. On May 1, 2012, Harman filed an Answers and Affirmative Defenses. Doc. No. 21.

On May 1, 2012, Plaintiff filed an Unopposed Motion to Strike [DHSMV's] Second Affirmative Defense and a Motion to Strike [DHSMV's] Seventh Affirmative Defense (the "DHSMV Motion"). Doc. No. 22. In the DHSMV Motion, Plaintiff states that DHSMV has no objection to the Court striking its Second Affirmative Defense, but DHSMV objects to the Court striking its Seventh Affirmative Defense. Doc. No. 22.[1] On the same day, Plaintiff filed an

---

[1] DHSMV's Second Affirmative Defense states:

Unopposed Motion to Strike [Harman's] Second Affirmative Defense and a Motion to Strike [Harman's] Eighth Affirmative Defense (the "Harman Motion"). Doc. No. 23. In the Harman Motion, Plaintiff states that Harman has no objection to the Court striking his Second Affirmative Defense, but Harman objects to the Court striking his Eighth Affirmative Defense. Doc. No. 23. DHSMV and Harman's Second Affirmative Defenses are identical. Doc. No. 20 at 3; 21 at 3. Accordingly, with respect to the Defendants' Second Affirmative Defenses, it is **RECOMMENDED** that the Court **GRANT** the motions as unopposed and strike Defendants' Second Affirmative Defenses.

DHSMV's Seventh Affirmative Defense is nearly identical to Harman's Eighth Affirmative Defense. These affirmative defenses, respectively, state:

> Any injuries or damages sustained by Plaintiff, if any, were caused by third persons or parties not sued in this action and, therefore, were not caused by [DHSMV] or its agent, [Harman]. . .
>
> Any injuries or damages sustained by Plaintiff, if any, were cause by third persons or parties not sued in this action and, therefore, were not caused by [Harman] on the part of [Harman] and/or was caused by the unlawful or unjustified resistance of Plaintiff to a lawful arrest.

Doc. Nos. 20 at 4; 21 at 4. Plaintiff contends that these affirmative defenses should be stricken because the Defendants failed to allege "what third party . . . caused Plaintiff's damages." Doc. Nos. 22 at 6; 23 at 6 (citing *Bartram, LLC v. Landmark American Insurance Co.*, 2010 WL 4736836 (N.D. Fla. 2010)). *Id*. at 6-7. Plaintiff argues that these affirmative defenses do not explain the factual basis upon which the defenses rest. *Id*. Thus, Plaintiff asserts that these

---

> Plaintiff has failed to mitigate her damages, if any. Therefore, [DHSMV] is entitled to a set-off or reduction of any verdict to the extent Plaintiff has failed to mitigate her damages.

Doc. No. 20 at 3.

affirmative defenses merely state legal conclusions. *Id*. Thus, Plaintiff requests that the Court strike the affirmative defenses. *Id*.

On May 10, 2012, the Defendants each filed largely identical responses (the "Responses") arguing that the affirmative defense should not be stricken. Doc. Nos. 24 at 3-5; 25 at 3-5. Defendants essentially maintain that, pursuant to *Reed v. Dollar General Corp.*, 2005 WL 2062231 (M.D. Fla. 2005), that the defense is not an affirmative defense, but rather a denial. Doc. Nos. 24 at 4; 25 at 4. Nevertheless, Defendants maintain that there is no need to strike the defense because Plaintiff is not prejudiced by it. *Id*.

## II.  ANALYSIS.

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or in partly, by asserting new allegations of excuse, justification, or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F.Supp. 1416, 1420 (M.D. Fla. 1989). Courts have wide discretion in passing on a motion to strike. *See Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). Rule 12(f), Federal Rules of Civil Procedure governs the sufficiency of affirmative defenses. *Id*. Pursuant to Fed.R.Civ.P. 12(f), the Court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id*. Courts generally disfavor motions to strike. *Ayers v. Consolidated Construction Services of SW Florida, Inc.*, 2007 WL 4181910 *1 (M.D.Fla.2007).[2] A court may strike an affirmative defense if the defense is insufficient as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla.2002) (citing *Anchor Hocking Corporation v. Jacksonville Electric Authority*, 419 F.Supp. 992, 1000 (M.D.Fla.1976)). Affirmative defenses may be insufficient as a matter of law if they fail to meet the general pleading requirements of

---

[2] Pursuant to the Eleventh Circuit Rules, unpublished opinions are merely persuasive authority. 11th Cir. R. 36-2.

Fed.R.Civ.P. 8. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla.2002) (citing *Anchor Hocking Corporation v. Jacksonville Electric Authority*, 419 F.Supp. 992, 1000 (M.D.Fla.1976)); *McGlothan v. Walmart Stores, Inc.*, 2006 WL 1679592 *1 (M.D.Fla.2006). Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, a defendant must "state in short and plain terms its defenses to each claim asserted against it" and Rule 8(d)(1) requires that "each allegation must be simple, concise, and direct." Fed.R.Civ.P. 8(b) and (d)(1).

DHSMV and Harman's Seventh and Eighth Affirmative Defenses are not affirmative defenses, but merely point out a factual defect in the Plaintiff's prima facie case. *See Premium Leisure, LLC v. Gulf Coast Spa Manufacturers, Inc.*, 2008 WL 3927265 at *3 (M.D. Fla. Aug. 21, 2008). As the Court stated in *Premium Leisure*, 2008 WL 3927265 at *3, the appropriate remedy is to treat the defense as a denial, and not to strike it. *Id.*; *see also Tanney v. Holding Co. of the Villages, Inc.*, 2010 WL 4659604 at *1 (M.D. Fla. Nov. 9, 2010) (defendant's allegations that plaintiff was not an employee and all wages were paid simply pointed out defect in plaintiff's prima facie case and were treated as denials).

In *Reed v. Dollar General Corporation*, 2005 WL 2062231 at *1-2 (M.D. Fla. Aug. 23, 2005), one of the defendant's affirmative defenses was that the plaintiff's injuries were the result of the negligence of an unnamed third party. *Id*. The trial court determined that the defense was not really an affirmative defense because it was not a confession of wrongdoing with a legal excuse. *Id.* at *2. The trial court denied the plaintiff's motion to strike the affirmative defense because it did not prejudice the Plaintiff. The Court finds *Reed* persuasive. Accordingly, with respect to DHSMV and Harman's Seventh and Eighth Affirmative Defenses, respectively, the motions should be **DENIED**.

### III. CONCLUSION.

For the foregoing reasons, it is **RECOMMENDED** that the Court:

A. **GRANT in part and DENY in part** the DHSMV Motion (Doc. No. 22) as follows:

1. **STRIKE DHSMV's** Second Affirmative Defense with leave to amend; and

2. Otherwise, **DENY** the DHSMV Motion;

B. **GRANT in part and DENY in part** the Harman Motion (Doc. No. 23) as follows:

1. **STRIKE** Harman's Second Affirmative Defense with leave to amend; and

2. Otherwise, **DENY** the Harman Motion (Doc. No. 23)

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** at Orlando, Florida on May 15, 2012.

Copies to:
Presiding District Judge
Counsel of Record

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE